

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00424-CR

Mark Andrew **MORGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-17-0298
Honorable Frank Follis, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 19, 2019

AFFIRMED

Mark Andrew Morgan appeals his conviction for driving while intoxicated, arguing the trial court erred by denying his pretrial motion to suppress. Morgan contends the officer who detained him, for not stopping his car behind the stop line at a red light, lacked reasonable suspicion because the word "at" in the phrase "shall stop at a clearly marked stop line" is vague and ambiguous. We conclude the detaining officer had reasonable suspicion to believe Morgan had committed a different criminal offense and affirm Morgan's conviction.

**BACKGROUND**

Morgan was charged by information and complaint of operating a motor vehicle in a public place while intoxicated. Morgan filed a motion to suppress, which the trial court heard the day before Morgan's trial. At the pretrial suppression hearing, the trial court admitted a video recording from the dash camera of Officer Cavazos's[1] patrol vehicle.

The video recording shows a car traveling ahead of Officer Cavazos's patrol vehicle at 11:41 p.m. The car was swerving within its lane, approached a green light, and then came to a complete stop for approximately five seconds. The video recording shows the car's rear wheels on or just behind a stop line at the traffic light. As the car moved into the intersection, the driver swerved the car into the turn lane and then back into the car's original lane of traffic. The video then shows the car approached a red light and stopped. Once the car stopped, the video recording shows the car's two rear tires were either on or just behind the stop line and the front of the car was located inside of a crosswalk.

The video recording also shows a wide frame around the car's rear license plate. This frame covered the bottom of the license plate underneath the plate number. The frame also covered a portion of the top of the license plate, and no state registration is discernable on the video recording.

The video recording shows Officer Cavazos conducted a traffic stop. Before approaching the driver-side window of Morgan's car, Officer Cavazos walked directly to the back of the car and shined his flashlight on the rear license plate. After approaching the driver-side window of Morgan's car, and asking for Morgan's license and registration, Officer Cavazos asked Morgan in which state the car was registered, and Morgan responded Illinois. Officer Cavazos then informed

---

[1] The record and the parties' briefs do not disclose Officer Cavazos's first name.

Morgan his "license plate covers the state." After attempting to conduct field sobriety tests, Officer Cavazos placed Morgan under arrest for driving while intoxicated.

Officer Cavazos testified at the suppression hearing he observed the car's movements when it first started to swerve. He explained it is an offense to fail to stop one's vehicle at a clearly marked designation point before entering a clearly marked intersection, and he observed Morgan's car stopped with its back wheels touching the designated point. Officer Cavazos also testified it is a traffic offense to have the issuing state obscured on a rear license plate, and he could not clearly identify the issuing state from Morgan's rear license plate, even after walking up to the car. Officer Cavazos testified the reason he stopped the car was for failing to stop at the designated point at the crosswalk because he could see that Morgan's car "was over the crosswalk" and "could see that his back tires were up to the designated point."

Morgan also testified at the suppression hearing. He stated he remembered "stopping upon the line so that [he] could see oncoming traffic." He clarified he stopped "on" the line. Morgan explained, "It's where I've always stopped the whole time I lived here," because it "was a prudent thing to do" for visibility. On cross-examination, Morgan testified he stopped "before" the stop line, and stated the car's rear wheels were not touching the line.

At the close of the suppression hearing, the trial court denied Morgan's motion to suppress. No findings of fact and conclusions of law were made or requested. The case proceeded to a jury trial,[2] and the jury found Morgan guilty. The trial court assessed punishment at 180 days' confinement and a $1,000 fine, but suspended the sentence for a period of twenty-four months. Morgan filed a timely notice of appeal.

---

[2] There is no reporter's record of the trial except for the charge conference.

**MOTION TO SUPPRESS**

Morgan's sole issue on appeal is that the trial court erred by denying his pretrial motion to suppress. We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's conclusions of law de novo. *Id.* at 328. If a trial court's findings of fact are supported by the record or are based on the evaluation of witness credibility and demeanor, we afford them almost total deference. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

Morgan argues Officer Cavazos lacked reasonable suspicion for the stop. He explains Officer Cavazos's sole reason for the stop was a violation of Texas Transportation Code section 544.007, which requires a motor vehicle operator who is at "a steady red signal [to] stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop before entering the crosswalk on the near side of the intersection." *See* TEX. TRANSP. CODE § 544.007(d). Morgan argues the word "at" in section 544.007 is vague and ambiguous, and cannot provide an officer with reasonable suspicion to make a traffic stop.

"When there is a detention, courts must decide whether the detaining officer had reasonable suspicion . . . ." *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011). "Reasonable suspicion to detain a person exists when a police officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017). "When assessing the existence of reasonable suspicion, a reviewing court must look to the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting legal wrongdoing." *Id.*

Reasonable suspicion "is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention." *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013).

Although Morgan emphasizes Officer Cavazos initiated the traffic stop because he observed a violation of section 554.007(d) of the Texas Transportation Code, reasonable suspicion is an objective standard that disregards the actual subjective intent of the arresting officer. *See id.* The reason an officer gives for the traffic stop constitutes the officer's subjective state of mind, which "need not provide the legal justification for an objectively valid action." *King v. State*, No. 14-02-01247-CR, 2003 WL 21664664, at *2 (Tex. App.—Houston [14th Dist.] July 17, 2003, pet. ref'd) (mem. op., not designated for publication) (citing *Williams v. State*, 726 S.W.2d 99, 100–01 (Tex. Crim. App. 1986)). If an officer observes an operator of a motor vehicle commit a traffic offense, the officer has "an objective basis to stop [the] car regardless of the subjective motive he expressed for making the stop." *Id.*

The State argues the obstruction of the state registration on Morgan's license plate was an objectively reasonable basis for the traffic stop. It is a criminal offense for a person to attach on a motor vehicle license plate a cover that obscures "one-half or more of the name of the state in which the vehicle is registered." *See* TEX. TRANSP. CODE § 504.945(a)(7)(B). Officer Cavazos testified he observed Morgan's car before making the stop. His testimony shows he was not able to clearly identify the car's rear license plate, and "still couldn't make out the state" after he walked up to the car. Officer Cavazos further testified he had to ask Morgan during the stop the name of the state in which the car was registered. The video recording shows Officer Cavazos walk up to the car and attempt to observe the rear license plate and inform Morgan that the plate covers the entire state of registration. It also shows the frame on the rear license plate is wide, and only the license plate number is clearly viewable. Officer Cavazos's testimony that he was unable to

observe the state on Morgan's license plate provides "an objectively reasonable basis to believe that appellant's license plate violated section 504.945." *See Wright v. State*, No. 07-17-00278-CR, 2018 WL 6072243, at *3 (Tex. App.—Amarillo Nov. 20, 2018, no pet.) (mem. op., not designated for publication). Even if Texas Transportation Code section 554.007(d) is too vague or ambiguous, we hold there was reasonable suspicion of a violation of section 504.945 to justify the traffic stop. *See id.*

## CONCLUSION

Because reasonable suspicion justified the traffic stop, the trial court did not err by denying Morgan's motion to suppress. Overruling Morgan's sole issue on appeal, we affirm the judgment of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH